IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------  :
                                                        : CASE NO. 5:14cv206
BENITA M. WOOLLARD,                                     :
                                                        :
                              Plaintiff                 : <u>OPINION AND ORDER ACCEPTING</u>
                                                        : <u>THE MAGISTRATE JUDGE'S</u>
            -vs-                                        : <u>RECOMMENDATION AND AFFIRMING</u>
                                                        : <u>THE COMMISSIONER'S DECISION</u>
                                                        :
COMMISSIONER OF SOCIAL                                  :
SECURITY,                                               :

                              Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The plaintiff Benita M. Woollard challenges the Commissioner of Social Security's decision denying her application for Disability Insurance Benefits ("DIB"). Pursuant to Local Rule 72.2(b)(1), this matter was automatically referred to United States Magistrate Judge Vernelis K. Armstrong for report and recommendation (R&R). On 17 October 2014, the Magistrate Judge issued an R&R recommending that the Commissioner's decision be affirmed. Ms. Woollard now objects. For the reasons that follow, the objections are overruled, the recommendation is accepted, and the Commissioner's decision is affirmed.

**I. Applicable Standards**

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995).

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Besaw v. Sec'y of Health & Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the Court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." Jones v. Comm'r of Soc. Sec., 336 F.3d

469, 477 (6th Cir. 2003).

## II. Discussion

Ms. Woollard contends that the Adminstrative Law Judge erred in giving "little weight" to the residual functional capacity assessment of her treating physician, Dr. Mineo. Ms. Woollard maintains that because of this error, her case should be reversed and remanded for a new hearing.

According to Dr. Mineo's assessment, the plaintiff was limited to sitting for one hour continuously or two hours with rest, and she was limited to standing or walking for less than a half hour continuously or for one hour with rest. The assessment further noted the plaintiff was restricted in activities involving unprotected heights; being around moving machinery; being exposed to marked changes in temperature and humidity; driving automobile equipment; and being exposed to dust, fumes and gases, among other limitations. (See Doc. 12, p. 541).

Under the treating physician rule, an ALJ must give the opinion of a treating source controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and not otherwise inconsistent with the other substantial evidence in the case record." Hensley v. Astrue, 573 F.3d 263, 266 (6th Cir. 2009). "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors -- namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source -- in determining what weight to give the opinion." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

Further, when deciding the weight to give to the opinion of a treating source, the ALJ must state "good reasons" to support her decision. Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5.  "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that her physician has deemed her disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." Snell v. Apfel, 177 F.3d 128, 134 (2d Cir.1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule. See Halloran v. Barnhart, 362 F.3d 28, 32–33 (2d Cir.2004).

In this instance, the ALJ gave Dr. Mineo's November 12, 2010 opinion "little weight," because the RFC assessment was based on the plaintiff's subjective complaints, it was unsupported by the objective medical record, it was inconsistent with the plaintiff's course of treatment following her neck surgery, and it was inconsistent with the plaintiff's extensive activities of daily living. (Doc. 12, p. 29).

Magistrate Judge Armstrong reviewed the ALJ's decision and concluded that substantial evidence supported the ALJ's decision to discount Dr. Mineo's RFC assessment. This Court agrees with this determination, noting, in particular, the following record evidence. After a cervical spine procedure, the plaintiff showed an improved range of movement to her cervical spine in September 2009. (Doc. 12, p. 260). In August 2010, the plaintiff underwent a consultative examination with Dr. Amanambu, who determined that the plaintiff was able to sit, stand, walk, kneel, bend, twist, crawl, carry, lift, and reach. Dr. Amanambu concluded that the plaintiff could

"perform light work (lift 20 pounds and stand for six hours)." (Doc. 12, p. 365). In September 2011, Dr. Brower concluded that the plaintiff "overall is doing fine," noting that she had good range of motion in the cervical spine and that she was "not having a lot of pain." In addition, the plaintiff reported activities of daily living, including meeting with friends, attending college classes twice a week, performing some household chores, maintaining basic hygiene, eating in restaurants, going grocery shopping, going to the movies, and driving a car five days a week. The plaintiff travelled to Phoenix, Arizona in 2009, Hawaii in 2010, and Las Vegas in 2011. In the Court's view, this evidence reasonably supports the ALJ's decision to discount Dr. Mineo's RFC assessment. The plaintiff's objections to Magistrate Judge Armstrong's R&R are accordingly overruled.

### III. Conclusion

For the reasons stated above, the Magistrate Judge's recommendations are accepted, and the Commissioner's decision is affirmed.

IT IS SO ORDERED.

                                                        /s/ Lesley Wells
                                      UNITED STATES DISTRICT JUDGE

Date: 13 February 2015